UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLY G. BRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: 1:19-cv-04087 |
| YOUNG AMERICA AUTO, | ) ) ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Billie G. Bray, hereinafter Mr. Bray, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Young America Auto, hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.,

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or

occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Bray, is a male citizen of the United States, and is a qualified employee with a disability as defined in 42 U.S.C. 12102 (ADA).

5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).

6. Defendants is a foreign limited liability company registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about March 14, 2019, Mr. Bray filed charges of Disability Discrimination, Charge Number 470-2019-02198.

8. On or about July 3, 2019, Mr. Bray received a Notice of Right to Sue from the EEOC for Charge Number 470-2019-02198, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Bray on or about January 9, 2015.

11. Throughout his employment with Defendant, Mr. Bray met or exceeded Defendant's legitimate expectations of performance.

12. Mr. Bray was under permanent restrictions on March 2018 when he was diagnosed with Epilepsy and September with Type 1 Diabetes.

13. The Defendant was aware of Mr. Bray's permanent restrictions.

14. The Defendant agreed to accommodate Mr. Bray with his restrictions but other times they did not accommodate Mr. Bray.

15. The Defendant did not always accommodate Mr. Bray's permanent restrictions.

16. Towards the end of November 2018, Mr. Bray was told by his management that Young America Auto could not accommodate him any longer and he had to resign or be terminated unless he obtained a doctor's note lifting his restrictions.

17. Young America Auto only gave him one day to communicate with his doctor about his restrictions.

18. Mr. Bray advised his boss that for Health and Safety reasons he could not have the doctor remove restrictions.

19. On November 21, 2018, Mr. Bray was informed that he was terminated.

20. The Defendant failed to accommodate Mr. Bray.

21. The Defendant's failure to accommodate Bray led to termination.

22. The Defendant discriminated against Mr. Bray due to his disability.

23. The Defendant terminated Mr. Bray due to his disability.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Bray, for his first claim for relief against Defendant, states as follows:

24. Mr. Bray hereby incorporates by reference paragraphs 1 through 23 as though previously set out herein.

25. At all times relevant to this action, Mr. Bray was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

26. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Bray's disability.

27. The Defendant failed to engage in the interactive process with Mr. Bray concerning his disability as required by the ADA.

28. The Defendant failed to accommodate Mr. Bray's disability.

29. The Defendant failed to accommodate Mr. Bray's permanent restrictions.

30. The Defendant intentionally and willfully discriminated against Mr. Bray because he is disabled and/or because Mr. Bray has a record of being disabled and/or because the Defendant regarded Mr. Bray as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Mr. Bray's rights as protected by the ADA.

32. Mr. Bray has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Mr. Bray, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Bray his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Bray all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Mr. Bray all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mr. Bray, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Cherry Malichi
Cherry Malichi 15406-49
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
cherrym@getstewart.com
Attorney for Plaintiff
